USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 3 0 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DAMON GROOMS, a/k/a "Mo," and
ERNEST HEMPHILL,

Defendants.

**Protective Order**

20 Cr. 558 (GBD)

On the motion of the United States of America, by the Acting United States Attorney for the Southern District of New York, Audrey Strauss, by Assistant United States Attorneys Jessica Feinstein and Jared Lenow; and with the consent of DAMONS GROOMS and ERNEST HEMPHILL, the defendants, by and through their counsel of record:

DAMONS GROOMS and ERNEST HEMPHILL, the defendants, have certain rights to pretrial discovery under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure;

WHEREAS, the Government recognizes its obligation to provide such discovery materials to the defendants, consistent with the need to protect the confidentiality of ongoing investigations and the confidentiality and safety interests of others;

WHEREAS, the discovery that the Government intends to provide to the defendants contains materials that, if disseminated to third

parties, could, among other things, impede ongoing investigations and implicate the privacy, confidentiality, sand safety interests of third parties;

WHEREAS, the Government has demonstrated good cause for the relief set forth herein;

WHEREAS, DAMONS GROOMS and ERNEST HEMPHILL, the defendants, by and through their counsel of record, consent to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d):

1. The Government shall designate certain discovery materials produced in this case as "Protected Materials," which may be used by the defendants, their counsel, and their counsel's agents (collectively, the "Defense") only for purposes of defending and/or resolving the charges, in connection with any sentencing, and pursuing any appeals, in relation to this criminal action. Protected Materials will either by designated "Protected Materials - Level 1" or "Protected Materials - Level 2," with the latter being subject to heightened restrictions, as discussed below.

2. The Protected Materials and the information contained or disclosed therein shall not be disclosed in any form by the Defense to any third party except as set forth in paragraphs 3 and 4 below.

3. The Protected Materials may be disclosed to third parties only by the defendants' counsel and only to the following persons (collectively, "Designated Persons"):

a. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendants' counsel and who are participating in the legal defense of this action;

b. independent expert witnesses, jury consultants, document hosting personnel, investigators retained by the defendants in connection with this action, and other potential witnesses for the Defense and their counsel; and

c. such other persons as hereafter may be authorized by the Court upon a motion by the defendants.

4. Protected Materials that are designated "Protected Materials - Level 2" by the Government are especially sensitive materials subject to the added restriction that they may only be viewed by the defendants in the presence of their counsel, and may not be separately possessed or maintained by the defendants.

4. The Defense shall provide a copy of this Order to Designated Persons to whom materials subject to the protections of this Order are disclosed pursuant to paragraph 3. Designated Persons shall be subject to the terms of this Order, and may not disclose the Protected Materials to any third party.

5. The Protected Materials shall be destroyed or returned to the Government by the Defense and the Designated Persons within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

6. With respect to any Protected Materials that the Defense intends to file publicly or to specifically describe in a public filing, the defendants must either (i) file the discovery material under seal, or (ii) provide reasonable notice to the Government to permit the parties to confer on the proper treatment of the discovery material. If the parties are unable to reach agreement as to whether redactions to the public filings are warranted, or to the extent of such redactions, the parties will seek Court resolution before the document is publicly filed or specifically described in a public filing.

7. This Order places no restriction on the defendants' use or disclosure of materials:

a. contained in that defendants' own electronic accounts or devices;

b. in the defendants' possession prior to their production by the Government;

c. that the defendants obtain from an independent source that did not improperly obtain the materials in violation of this Order; or

d. that is publicly available.

8. The Defense reserves the right to challenge the appropriateness of the Government's designations of any materials as Protected Materials. Any disputes concerning this Order, which cannot be resolved among the parties, will be brought to the Court for a ruling before any disclosure of Protected Materials is made by the Defense. The Government's designations of any materials as Protected Materials shall be controlling absent a Court determination to the contrary.

9. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

Dated: New York, New York

NOV 3 0 2020

George B. Daniels

THE HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK